*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* MVD, OVD, LD, and OV, Minors.

UNPUBLISHED
May 12, 2025
3:12 PM

Nos. 370187; 370189
Ingham Circuit Court
Family Division
LC Nos. 21-000976-NA;
        21-000977-NA;
        21-000978-NA;
        21-000979-NA

*In re* NV, Minor.

Nos. 372166; 372168
Ingham Circuit Court
Family Division
LC No. 24-000611-NA

Before: O'BRIEN, P.J., and K. F. KELLY and BORRELLO, JJ.

PER CURIAM.

In these consolidated appeals, respondents appeal by right the trial court's order terminating their parental rights to MVD, OVD, LD, and OV under MCL 712A.19b(3)(c)(*i*) (conditions that led to adjudication continue to exist), MCL 712A.19b(3)(g) (failure to provide proper care or custody), and MCL 712A.19b(3)(j) (reasonable likelihood child will be harmed if returned to the home of the parent), and its order terminating their parental rights to NV under MCL 712A.19b(3)(i) (parental rights to sibling of child terminated for chronic neglect) and MCL 712A.19b(3)(j). Both respondents challenge the trial court's findings that termination was in the best interests of the children, and respondent-mother also challenges the trial court's findings that statutory grounds to terminate her parental rights had been proven. For the reasons set forth in this opinion, we affirm.

-1-

# I. BACKGROUND

The four oldest children came into care when respondent-mother overdosed twice on heroin while respondent-father, who disclaimed knowledge of any heroin use, was present. Respondent-father's initial drug test was positive for cocaine and fentanyl. Respondent-mother tested positive for fentanyl and marijuana. Respondents initially agreed to place the children with their maternal grandmother. Jurisdiction was established after respondents each admitted to petition allegations, including that they each had substance abuse problems that impacted their ability to provide proper care and custody for their children.

Both respondents tested positive for fentanyl on multiple occasions throughout the proceedings, although the trial court acknowledged the possibility that respondent-father's positive tests could have been from being around someone who used fentanyl rather than from personally using it. Regardless, the court reasoned, respondent-father was either using fentanyl personally or spending time around people using fentanyl, and respondent-father had not demonstrated that he could protect the children from the effects of respondent-mother's drug abuse. Respondents missed parenting times, they were inconsistent about participating in services, and respondent-mother was jailed for violating her probation by using narcotics. There was evidence that the older children were bonded to respondent-father, who was more consistent about visiting them, but less so to respondent-mother, who, by the time of the termination hearing, had not seen them in several months.

The youngest child, NV, was born after the trial court terminated respondents' rights to the oldest children; although respondent-mother tested negative for substances when she was admitted to the hospital, NV showed symptoms of drug withdrawal, and respondent-mother then tested positive for drugs while breastfeeding the child. The trial court opined that the children needed to be kept away from respondent-mother's drug use, but she was incapable of maintaining sobriety and respondent-father was incapable of protecting the children from her.

# II. ANALYSIS

"A court may terminate a respondent's parental rights if one or more of the statutory grounds for termination listed in MCL 712A.19b(3) have been proven by clear and convincing evidence." *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012). "Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *Id*. "[W]hether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence." *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). The trial court's best-interests findings and statutory grounds findings are both reviewed for clear error. *Olive/Metts*, 297 Mich App at 40. "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *Moss*, 301 Mich App at 80 (quotation marks and citation omitted). "[T]he weight to be accorded one bit of evidence or another is inextricably intertwined with assessments concerning the credibility of the witnesses," and the trial court is "best situated to make that determination." *In re Miller*, 433 Mich 331, 344; 445 NW2d 161 (1989).

Respondent-mother first argues that the trial court erred by finding that statutory grounds established terminating her parental rights because petitioner failed to make reasonable efforts and provide adequate services to accomplish reunification. A respondent may challenge a trial court's statutory grounds decision by arguing that reasonable services were not offered. *In re Fried*, 266 Mich App 535, 541; 702 NW2d 192 (2005). Nonetheless, this Court has recently clarified that appellate challenges to whether reasonable efforts were provided and whether statutory grounds were proven involve distinct inquiries even though the issues may be somewhat related. *In re MJC*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 365616); slip op at 3-5. Here, respondent-mother does not advance any argument directly contesting whether any individual statutory grounds on which the trial court relied were proven by clear and convincing evidence; rather, she challenges the adequacy of the reunification efforts provided. We therefore limit our analysis accordingly to focus on the issue as framed by respondent-mother.

"While the [petitioner] has a responsibility to expend reasonable efforts to provide services to secure reunification, there exists a commensurate responsibility on the part of respondents to participate in the services that are offered," which means that "a respondent-parent must both participate in services and demonstrate that they sufficiently benefited from the services provided." *In re Atchley*, 341 Mich App 332, 339; 990 NW2d 685 (2022) (quotation marks and citations omitted; alteration in original).

Here, the record reflects that substance abuse was the most significant barrier for respondent-mother. Further, the record reveals that respondent-mother continued to abuse controlled substance throughout the duration of the case despite having been given opportunities to engage in various substance abuse programs and services. The record further reflects that respondent-mother's participation in those services was minimal at best, and her continued abuse of substances demonstrated that she failed to show adequate benefit from the substance abuse services she received.

On appeal, respondent-mother does not explain how the services provided were inadequate, nor does she identify any specific additional services that she believes should have been provided. Respondent-mother does not appear to claim that she somehow objected to the adequacy of the services during the proceedings below or otherwise actually indicated during the proceedings that the services were inadequate. See *In re Atchley*, 341 Mich App at 336-338 (explaining that a respondent must object or somehow indicate that the services are inadequate at a timely juncture within the trial court proceedings to preserve a challenge based on the alleged lack of reasonable reunification efforts). Given the dearth of argument here, we could consider this argument abandoned for being insufficiently briefed. *In re Rippy*, 330 Mich App 350, 362 n 5; 948 NW2d 131 (2019). Additionally, as we have already noted, respondent-mother does not otherwise challenge the trial court's statutory grounds ruling, so any further potential arguments regarding statutory grounds are also abandoned.[1] *Id*. If we were to consider this poorly briefed arguments, we would find that none come close to demonstrating an inadequate amount of services provided to respondent-mother. What is clear is that respondent-mother continued with her long history of

---

[1] Respondent-father has not challenged the statutory grounds supporting termination of his parental rights. As discussed below, he only challenges the trial court's best interests finding.

substance abuse and seemingly placed her emphasis on obtaining controlled substances over visiting her children or providing them with the care they needed. On this record, the trial court did not clearly err in its determinations that reasonable services were afforded to respondent-mother. Though not challenged or argued on appeal, we also conclude that the trial court did not clearly err in its determination statutory grounds existed to terminate respondent-mother's parental rights.

Next, respondent-mother argues that terminating her parental rights was not in the children's best interests because she had a bond with them that should not have been disrupted as she continued to address her substance abuse problem. Respondent-mother's argument suggests she does not understand that the focus at the best-interest stage is on the child, not the parent. *In re Moss*, 301 Mich App at 87-88. The trial court found that termination of respondent-mother's parental rights was in the best interests of the children because any bond that may have existed was weakened by respondent-mother's inconsistent participation in visitation and because mother's continued pattern of drug abuse, which interfered with her parenting, showed that she could not be trusted to keep her drug use away from the children. The trial court also found that the children had a great need for permanency and stability given their young ages and that respondent-mother had not shown that she was going to be able to provide that permanency and stability. Moreover, the court additionally found that the children were placed together in a pre-adoptive home with siblings. Discerning no clear error in these findings, we affirm the trial court. See *In re Olive/Metts Minors*, 297 Mich App at 41-42 ("In deciding whether termination is in the child's best interests, the court may consider the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home.") (citations omitted).

Finally, respondent-father also argues that termination of his parental rights was not in the children's best interests. He contends that the trial court erred by not considering a guardianship with the maternal grandmother, with whom the children were placed, instead of termination. Respondent-father further asserts that the trial court did not consider his bond with the children and their need for permanency and stability.

Respondent-father somewhat misstates the record. The trial court found that termination of his parental rights was in the children's best interests because, although respondent-father had a stronger bond with the children than respondent-mother and the children were in a relative placement, respondent-father had not sufficiently separated himself from respondent-mother and shown that he could protect the children from the effects of respondent-mother's severe drug abuse. The trial court found that the children needed permanency and stability that could best be provided by terminating parental rights instead of allowing the matter to continue. The court also relied on the stability of the children's placement with their siblings and the lack of parenting skills shown by respondent-father. We discern no clear error in the trial court's findings. *Olive/Metts*, 297 Mich App at 40.

Contrary to the apparent contention of respondent-father, the fact that a child is placed with a relative is not a dispositive factor prohibiting termination, even though it weighs against termination. *In re MJC*, ___ Mich App at ___; slip op at 11. Moreover, although respondent-father argues that the trial court should have considered a guardianship as an alternative to termination, the record indicates that neither parent ever actually requested that a guardianship be

considered and respondent-father does not appear to claim that he actually pursued a guardianship during the trial court proceedings. Respondent-father instead essentially argues that the trial court *could* have considered a guardianship instead of termination.

Under MCL 712A.19a, a trial court may appoint a guardian before terminating parental rights. *In re COH*, 495 Mich 184, 197; 848 NW2d 107 (2014). "[T]he appointment of a guardian is done in an effort to avoid termination of parental rights." *In re TK*, 306 Mich App 698, 705; 859 NW2d 208 (2014). However, "for a court to consider a guardianship before termination, one of two conditions must be met: either the DHHS must demonstrate under MCL 712A.19a(8) that initiating the termination of parental rights to the child is clearly not in the child's best interests or the court must not order the agency to initiate termination proceedings under MCL 712A.19a(8)." *Rippy*, 330 Mich App at 359, citing MCL 712A.19a(9) (quotation marks and brackets omitted). "Even then, a court can order a guardianship only if it 'determines that [doing so] is in the child's best interests[.]' " *Id*. at 360, quoting MCL 712A.19a(9)(c) (alterations in original). Here, petitioner did not demonstrate that it was not in the best interests of any of the children to initiate termination, and the trial court found that termination was in the best interests of the children. The trial court ordered petitioner to initiate termination proceedings against the older children, and petitioner sought termination of NV in its initial petition. Respondent-father has not shown that he could have obtained a guardianship or that he is entitled to any appellate relief.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Kirsten Frank Kelly
/s/ Stephen L. Borrello